UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS M. COGDELL,

        Plaintiff,

v.                                         Case No. 3:22-cv-943-MMH-MCR

SGT. PROCK,

        Defendant.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff, Carlos M. Cogdell, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. He also moves to proceed in forma pauperis. Doc. 2. Cogdell names one Defendant – Sgt. Prock. Doc. 1 at 1. The Complaint is not a picture of clarity and the nature of Cogdell's claim is unclear. He alleges that "[a]round 3:30 p.m.[,] dinner time," on an unspecified date, he purportedly received an empty food tray; and an unnamed individual blocked Cogdell's cell flap, played with his food, and refused to properly feed him. Id. at 2, 4. As relief, he requests that he be "prop[er]ly comp[en]sated." Id.

    The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §

1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x

2

982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[1]

Cogdell's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original). Cogdell does not identify a federal right that Defendant Prock allegedly violated, but liberally construing his assertions, he seems to allege an Eighth Amendment claim about the conditions of his confinement.

To state a claim that his conditions of confinement violated the Eighth Amendment, Cogdell must allege that Defendant Prock was deliberately indifferent to conditions that were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement."). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Id. at 1289. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id. Deliberate indifference requires "three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citations omitted); see also Patel v. Lanier Cnty., 969 F.3d 1173, 1188-89 & n.10 (11th Cir. 2020).

Here, Cogdell alleges that the events giving rise to his claim occurred during a single, isolated dinnertime, in which an unspecified individual refused to provide him with an adequate meal. Doc. 1 at 2, 4. But Cogdell does not allege Prock participated in these events or otherwise knew about this conduct. Also, and likely of more import, even if Cogdell alleged facts connecting Prock to these actions, Prock's one-time refusal to provide dinner did not expose Cogdell to "an unreasonable risk of serious damage to his future health or safety." Indeed, "[u]nder the Eighth Amendment, a prisoner [is] only [] entitled to reasonably adequate food." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 865 (11th Cir. 2008) (citing Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985)). "[F]eeding a prisoner a minimal amount of food for a limited number of days" does not violate the Eighth Amendment. Id. (citing Novak v. Beto, 453 F.2d 661, 665, 668 (5th Cir. 1971) (finding no Eighth

4

Amendment violation when a prisoner in solitary confinement was on a 15-day restrictive diet, consisting of 2 slices of bread per day, unlimited water, and a full meal every 3 days)). Thus, the conditions Cogdell describes do not rise to the level cruel and unusual punishment, and this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED** that**:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of September, 2022.

MARCIA MORALES HOWARD
United States District Judge

Jax-7
c: Carlos M. Cogdell, #J14135